IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL FOUNTAIN,

    Plaintiff,　　　　　　　　　No. CIV S-10-2633 KJM DAD P

  vs.

A. LEBRON, et al.,

    Defendants.　　　　　　　　　FINDINGS & RECOMMENDATIONS
_____/

        Plaintiff, a state prisoner, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Although initially proceeding pro se, plaintiff is now represented by counsel. Before the court is a motion to dismiss in part or to strike claims from plaintiff's complaint filed on behalf of defendants Gonzalez and Cooper.[1] Plaintiff filed a pro se opposition to the motion and his counsel did not thereafter request leave to file further briefing. Defendants have filed a reply to plaintiff's pro se opposition.

I. **Background**

        This action is proceeding on plaintiff's complaint against defendants Alice Lebron, a licensed psychologist at Mule Creek State Prison, and correctional officers Sgt.

---

[1] Defendant A. Lebron did not join in this motion. She was served process after the motion was filed and subsequently filed her answer to the complaint on September 29, 2011.

1

Gonzales and Sgt. Cooper who are also employed at Mule Creek State Prison.  All defendants are sued their individual and official capacities.  In his complaint plaintiff has alleged that defendants have violated his rights under the Eighth Amendment when they failed to protect him from his cell mate who had a history of violence and had made threats to harm plaintiff.  Plaintiff alleges that his requests for a cell move were denied by prison officials.  Thereafter, according to plaintiff, on January 14, 2010, he was assaulted by his cell mate and received injuries to his face, neck and shoulder.  Plaintiff claims that he also suffers from post-traumatic stress disorder.  In terms of relief, plaintiff seeks the award of compensatory and punitive damages, costs of suit, and injunctive relief.

I.  **Defendants' Motion**

Defendants Gonzales and Cooper seek dismissal of plaintiff's Eighth Amendment claim brought against them in their official capacities as well as plaintiff's prayer for the granting of injunctive relief.

Defendants Gonzales and Cooper argue that they are immune to suits for damages in their official capacities. (Mot. to Dismiss, Doc. 25-1 at 3.)  Defendants contend that it is well-established that under the Eleventh Amendment, a State cannot be sued for damages in federal court and that this bar extends to suits against state prison officials who are sued in their official capacity.  (Id. at 3-4.)  Accordingly, defendants Gonzales and Cooper move for an order dismissing or striking plaintiff's monetary claims brought against them in their official capacities.

Defendants also note that included in the relief sought by plaintiff in connection with his Eighth Amendment claim is "injunctive relief, including but not limited to, an order of not being retaliated against for addressing his due process rights." (Doc. No. 1, ¶ 52 at 13-14.)  Defendants Gonzales and Cooper argue that plaintiff is not entitled to injunctive relief because he has failed to make an adequate showing for such relief and failed to allege any ongoing or prospective violations of his constitutional rights.  (Doc. No. 25 at 4.)  Defendants argue that in

1 order to be entitled to injunctive relief a plaintiff must show that there is a "real or immediate
2 threat that the plaintiff will be wronged again - - a likelihood of substantial and immediate
3 irreparable injury." Id. (quoting <u>Los Angeles v. Lyons</u>, 461 U.S. 95,111 (1983)).
4 Defendants contend that plaintiff's request for injunctive relief suffers from the following
5 deficiencies.

> The Complaint is devoid of allegations that Defendants Cooper and Gonzalez continue to or will in the future act in any way to violate plaintiff's constitutional rights. Plaintiff does not allege he has been threatened or punished in retaliation for this action. There is no ongoing violation of a federal right that meets the high standard of proof necessary to obtain injunctive relief. Plaintiff's request for injunctive relief is vague and ambiguous, clearly goes beyond the scope of any alleged violation of a federal right, and is not the least intrusive means to correct any alleged violation of a federal right. Therefore, plaintiff fails to demonstrate he is entitled to injunctive relief in this action and this claim should be stricken.

(<u>Id.</u>)

II. **Plaintiff's Opposition**

In his pro se opposition plaintiff argues that defendants' motion should be rejected because it lacks merit. (Opp'n, Doc. No. 32 at 2.) Citing the decisions in <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978) and <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439 (9th Cir 1989), plaintiff argues that the Eleventh Amendment is not a bar to his actions against defendants Gonzales and Cooper in their official capacities because a local entity can be sued under § 1983. (<u>Id.</u>) Plaintiff also asserts that he can sue defendants in their official capacity because he seeks an injunction and declaratory judgment in his favor.[2] (<u>Id.</u>) Finally, plaintiff contends that defendants Gonzales and Cooper are not entitled to absolute immunity. (<u>Id.</u>)

/////
/////

---

[2] The court notes that plaintiff has not included a request for declaratory judgment in the prayer for relief of his complaint and that such relief was not specifically requested by plaintiff either in his form complaint or in the twelve pages attached to the form complaint. (Doc. No. 1 at 3 & 15-16.)

III. **Defendants' Reply**

Defendants Gonzales and Cooper reiterate that their motion seeking dismissal of plaintiff's claims brought against them in their official capacities as barred by the Eleventh Amendment pertain only to plaintiff's claims seeking monetary relief. (Doc. No. 34 at 2.) In support of their motion to dismiss the request for injunctive relief, defendants point out that plaintiff failed to address this argument in his opposition brief. (Id.) Defendants reiterate their argument that plaintiff's injunctive relief claim should be dismissed because he has failed to allege facts suggesting an ongoing or prospective violation of his constitutional rights. (Id.) Rather, according to defendants, plaintiff has only alleged a specific incident of deliberate indifference to his safety by them. (Id.) Defendants contend that plaintiff's injunctive relief claim is vague and ambiguous, and is not the least intrusive means to correct the violation of his federal rights alleged in his complaint. (Id. at 3-4.)

IV. **Analysis**

Although defendants have filed a motion to strike under Rule 12(f) and a motion to dismiss under Rule 12(b)(6), the court finds that the pending motion is properly addressed under Rule 12(b)(6).[3]

A. Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based

---

[3] In light of the recommended disposition of the pending motion to dismiss, the court will not rule on defendants' motion to strike plaintiff's prayer for monetary damages with respect to plaintiff's Eighth Amendment claim against defendants Gonzales and Cooper in their official capacity, and plaintiff's prayer for injunctive relief to prevent future retaliation. In addition, the court notes that Rule 12(f) does not authorize a district court to strike a claim for relief on the grounds that such relief is precluded as a matter of law. See Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 976 (9th Cir. 2010) ("We hold that Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law.").

4

on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

B. Defendants Sued in Their Official Capacity

The court finds defendants' argument that plaintiff's action for monetary damages against them in their official capacity is barred by the Eleventh Amendment to be persuasive. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against

a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted); Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). Plaintiff's arguments in opposition to dismissal are unpersuasive.

The decisions relied upon by plaintiff pertain to actions brought against local governments where it is alleged that an official policy has caused a constitutional violation. That is not the situation presented by plaintiff's claims against the defendant correctional officers in their official capacity. Therefore, the court will recommend that defendants' motion to dismiss plaintiff's claim for monetary damages against defendants Gonzales and Cooper in their official capacities be granted. See Sokolosky v. Voss, No. 1:07-CV-0594-SMM, 2010 WL 2991522, at *2 (E.D. Cal. July 28, 2010) ( Eleventh Amendment immunity bars suits for monetary damages against state officers in their official capacities.) Because the same analysis applies with respect to defendant Lebron, the court will also recommend that plaintiff's claim seeking monetary damages against defendant Lebron in her official capacity also be dismissed.

C. Plaintiff's Prayer for Injunctive Relief

Upon review of plaintiff's complaint, the court finds that plaintiff's only allegation as to the injunctive relief he seeks is a conclusory statement made in his first claim. There, plaintiff asserts that "Fountain is entitled to injunctive relief, including, but not limited to, an order of not being retaliated against for addressing his due process rights." (Doc. No. 1 at 13-14.) As defendants Gonzales and Cooper have pointed out, there are no allegations set forth in the complaint suggesting that plaintiff suffered retaliation or that prospective relief is needed to prevent a violation of plaintiff's constitutional rights in the future.

The Prison Litigation Reform Act places limitations on injunctive relief, providing in relevant part,

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A). Since plaintiff is proceeding with claims that are based on the defendants' alleged past failure to protect him from harm at the hands of his former cell mate, any injunctive relief barring retaliation goes beyond the claims and allegations of the complaint and would be overly broad. See Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) ("To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.") (emphasis added); Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) ("[A]n injunction must be narrowly tailored . . . to remedy only the specific harms shown by the plaintiffs, rather than to enjoin all possible breaches of the law.") (internal quotation marks omitted).

Plaintiff's general fear of possible future retaliation is too speculative a reed upon which to rest a claim for injunctive relief. Therefore, defendants' argument that plaintiff has failed to allege facts suggesting an ongoing or prospective violation of his constitutional rights in connection with his injunctive relief claim is persuasive and that claim should be dismissed as well.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that THE motion to dismiss in part or strike brought on behalf of defendants Cooper and Gonzales (Doc. No. 25) be granted as follows:

/////

     a. Plaintiff's monetary damages claims against all defendants, including defendant Lebron, in their official capacities be dismissed;

     b. Plaintiff's request for injunctive relief prohibiting retaliation against him be dismissed. 18 U.S.C. § 3626(a)(1)(A).

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 21, 2011.

                     /s/ Dale A. Drozd
                      DALE A. DROZD
                      UNITED STATES MAGISTRATE JUDGE

DAD:4
foun2633.mtd